UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Diane Saunders, | Case No. 17-cv-5400 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| Donald J. Trump, et al., | |
| Defendants. | |

This matter is before the Court on the August 1, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 65.) The R&R recommends granting Defendants' motions to dismiss Plaintiff Diane Saunders's complaint and denying as moot Saunders's motion for a preliminary injunction. Saunders filed objections to the R&R, and Defendants responded. For the reasons addressed below, the Court overrules Saunders's objections and adopts the R&R.

## BACKGROUND[1]

Saunders receives federal benefits through the Supplemental Nutrition Assistance Program (SNAP). Saunders received notice via a September 20, 2017 letter from St. Louis County that her SNAP benefit amount would be reduced beginning in October 2017. Saunders notified St. Louis County by telephone on September 26, 2017, that she wished

---

[1] Because the R&R provides a detailed factual and procedural background, the Court only briefly summarizes this litigation.

to appeal the reduction of her SNAP benefit amount. More than ten weeks later, Saunders had not received any information about her requested appeal or the appeal process.

Saunders commenced this lawsuit on December 8, 2017, against the United States of America; Donald J. Trump, in his official capacity as President of the United States of America; and Sonny Perdue, in his official capacity as Secretary of the United States Department of Agriculture (USDA) (collectively, Federal Defendants); Emily Piper Johnson, in her official capacity as Minnesota Commissioner of Human Services (Commissioner); and Linnea Mirsch, in her official capacity as Director of St. Louis County Public Health and Human Services (the County). The complaint alleges that Defendants violated multiple provisions of the United States Constitution and several statutory and regulatory requirements by reducing her SNAP benefit amount, failing to provide her timely and adequate notice of that reduction decision, and failing to provide a fair hearing at which she could appeal the decision. The complaint seeks injunctive and declaratory relief and an award of costs, disbursements, and attorneys' fees. Defendants moved to dismiss the complaint, (Dkts. 7, 17, 46), and Saunders moved to enjoin the Commissioner and the County from reducing her SNAP benefit amount, (Dkt. 36).

Following a hearing, the magistrate judge issued an R&R on August 1, 2018, recommending that this Court grant Defendants' motions to dismiss the complaint. The R&R determines that Saunders's claims against the Commissioner should be dismissed for two reasons. First, Saunders cannot seek a retrospective declaration that a state official violated the law in the past. And second, any claim to prospective injunctive relief is moot because Saunders received in March 2018 the administrative hearing she now seeks, and

her SNAP benefits were restored pending her ongoing appeal of that decision. The R&R next determines that Saunders's claims against the County should be dismissed for two reasons. First, Saunders has failed to identify an official policy or custom that caused the County's alleged constitutional violations. And second, Saunders has not alleged facts that would establish that she received untimely or inadequate notice that her SNAP benefit amount would be reduced. The R&R determines that Saunders's constitutional claims against the Federal Defendants must be dismissed because the Federal Defendants have not waived sovereign immunity, and that Saunders fails to state a claim that the USDA violated the Administrative Procedures Act because the challenged regulations were either promulgated following a notice-and-comment period or expressly exempted from the notice-and-comment requirements. In light of the foregoing determinations, the R&R also recommends denying as moot Saunders's motion for a preliminary injunction.

Saunders filed timely objections to the R&R, and Defendants responded to those objections.

## ANALYSIS

This Court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Saunders first objects to the R&R's determination that her claims against the Commissioner should be dismissed. In particular, she objects to the R&R's statement that she has been afforded *two* fair hearings at which she had the opportunity to appeal the

reduction of her SNAP benefits amount. Saunders argues that she has in fact been afforded only *one* fair hearing, which was held in March 2018. Even if the R&R incorrectly concludes that a second fair hearing was held, this fact is not material to the R&R's determination that Saunders's claims seeking prospective injunctive relief in the form of a fair hearing are now moot. Saunders does not dispute that she received a fair hearing or that her SNAP benefits were restored pending her ongoing appeal of the reduction. And although Saunders contends that the March 2018 hearing was untimely, her complaint does not allege any harm—or seek any relief—arising from the *delay* in receiving a hearing. Instead, her complaint alleges the complete denial of a hearing and seeks an injunction compelling Defendants to provide her a fair hearing before reducing her SNAP benefits. For these reasons, Saunders's objections with respect to her claims against the Commissioner are overruled.

Saunders also objects to the R&R's determination that her claims against the County should be dismissed. Saunders argues that the R&R incorrectly determines that she received timely and adequate notice from the County that her SNAP benefit amount would be reduced. As to timeliness, Saunders concedes that the notice she received satisfied the regulatory requirements. *See* 7 C.F.R. § 273.13(a)(1) (providing that notice of adverse action is timely if mailed at least 10 days before the adverse action becomes effective). Instead, she argues that the 10-day notice requirement is inadequate. Saunders's disagreement with the regulatory requirements, however, does not state a cognizable claim against the County for violating those requirements. As to the adequacy of the notice's contents, Saunders does not dispute that the September 20, 2017 letter she received from

4

the County stated the reason for the reduction in her SNAP benefits as required by the relevant regulation. *See* 7 C.F.R. § 273.13(a)(2) (providing that a notice of adverse action is adequate if it "explains in easily understandable language . . . the reason for the proposed action"). She argues instead that the letter lacks sufficient *detail* as to the reason for the reduction in her SNAP benefits. But Saunders cites no legal authority that requires the County to provide the degree of detail that Saunders claims is necessary.[2] For these reasons, Saunders's objections with respect to her claims against the County are overruled.

As Saunders does not object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

---

[2] To the extent that Saunders challenges either the timeliness or the adequacy of the notice on constitutional grounds, she has not identified an official policy or custom as is required to state a claim against a county for a constitutional violation. *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (stating that municipalities and counties "may not be found liable unless action pursuant to official municipal policy of some nature caused a constitutional tort").

1. Plaintiff Diane Saunders's objections, (Dkt. 67), to the August 1, 2018 R&R are **OVERRULED**.

2. The August 1, 2018 R&R, (Dkt. 65), is **ADOPTED**.

3. Defendant Emily Piper Johnson's motion to dismiss, (Dkt. 7), is **GRANTED**.

4. Defendant Linnea Mirsch's motion to dismiss, (Dkt. 17), is **GRANTED**.

5. Defendants United States of America, Donald J. Trump, and Sonny Perdue's motion to dismiss, (Dkt. 46), is **GRANTED**.

6. Plaintiff Diane Saunders's motion for a preliminary injunction, (Dkt. 36), is **DENIED AS MOOT**.

7. This matter is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 14, 2018          s/Wilhelmina M. Wright
                                                              Wilhelmina M. Wright
                                                               United States District Judge